UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

FILED IN OPEN COURT
DATE 10/4/06
BY K. Bowerman
DEPUTY CLERK
H'burg DIVISION, W.D. of

UNITED STATES OF AMERICA :
:
v. : Criminal No. 5:06cr00014
:
KAMAL WILLIAMS :

## PLEA AGREEMENT

I, KAMAL WILLIAMS, and my counsel, Helen Phillips, Esquire, have entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### 1. CHARGES IN THE INDICTMENT AND PUNISHMENT

I have been charged in three counts in the Indictment in this case:

**Count One** charges me with conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, or "crack" and to distribute 500 or more grams of a mixture or substance containing a detectable amount of cocaine hydrochloride (powder) in violation of Title 21, United States Code, Section 846. The maximum statutory penalty for this charge is a fine of $2,000,000 and life imprisonment, and a period of supervised release. The statutory minimum sentence for this offense is, ordinarily, ten years in prison. The Court may sentence a defendant convicted of this offense to a sentence less than ten years only if the United States makes a motion pursuant to Title 18, United States Code, Section 3553(e) on my behalf, or if I qualify for the so-called "Safety Valve" as set forth in Title 18, Section 3553(f). I know that the United States believes that I am not qualified for the "safety valve", but I also know that it a decision for the Court, and not the prosecutor, to make.

*Defendant's Initials:* ___KW___

In addition, I have been informed that, in the event I am convicted of distributing or conspiring to distribute fifty or more grams of crack, because of my criminal history of other convictions, I could possibly face a statutory minimum sentence of life in prison.

*threats re* [handwritten] RBF

**Count Two** charges me with possessing a firearm in furtherance of a drug trafficking violation. The mandatory statutory penalty for this charge is five years imprisonment, which sentence must be imposed to run consecutively to any other sentence I might receive.

**Count Seven** charges me with distributing cocaine hydrochloride in violation of Title 21, United States Code, Section 841. The statutory maximum penalty for this Count is twenty years in prison, a $1,000,000 fine, and a period of supervised release.

I further understand that my supervised release may be revoked if I violate its terms and conditions. If my supervised release is revoked, the original term of imprisonment may be increased. I understand that a violation of supervised release increases the possible period of incarceration.

### 2. CHARGES TO WHICH I AM PLEADING GUILTY AND WAIVER OF RIGHTS

I will enter a plea of guilty to Counts One and ~~Two~~ *Three* [RBF] of the Indictment. The charges and potential penalties have been set forth above. In addition, my assets may be subject to forfeiture. I understand that fees may be imposed to pay for incarceration or supervised release and that there will be a $100 special assessment for the count of conviction.

My attorney has informed me of the nature of these charges and the elements which must be proven by the United States beyond a reasonable doubt before I could be found guilty as charged.

I acknowledge that I have had all of my rights explained to me and I expressly recognize that I have the following constitutional rights and, that by voluntarily pleading guilty, I knowingly waive and give up these valuable constitutional rights:

    a. The right to plead not guilty and persist in that plea.
    b. The right to a speedy and public jury trial.
    c. The right to assistance of counsel at that trial and in any subsequent appeal.
    d. The right to remain silent at trial.
    e. The right to testify at trial.

*Defendant's Initials:* ____

2

f. The right to confront and cross-examine government witnesses.
   g. The right to present evidence and witnesses in my own behalf.
   h. The right to compulsory process of the court.
   i. The right to be presumed innocent.
   j. The right to a unanimous guilty verdict.
   k. The right to appeal a guilty verdict.

I am pleading guilty as described above because I am in fact guilty and because it is in my best interest to do so and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be.

It is understood that the matter of sentencing is within the sole discretion of the Court, guided and informed by the United States Sentencing Guidelines ("Sentencing Guidelines") and this Agreement. I understand that the Sentencing Guidelines are advisory in nature, and are not binding on the Court. I have discussed sentencing issues with my attorney and realize that there is a substantial likelihood that I will be incarcerated. I understand that I will not be eligible for parole during any term of imprisonment imposed. I understand that the sentence will be determined by the Court from a variety of factors involved in the offense and related conduct, including my role in the offense and my prior criminal history.

### 3. DISMISSAL OF COUNTS, OTHER CONSIDERATION

The United States will move to dismiss the remaining [THREE RUSF] Counts against me, should the Court accept my plea to Counts One and Two. As mentioned before in this agreement, I have been informed that, in the event I am convicted of distributing or conspiring to distribute fifty or more grams of crack, because of my criminal history of other convictions, I could possibly face a statutory *minimum* sentence of twenty years or even life in prison. That can only happen if, before I am found guilty, the United States files a special notice with the Court telling me and telling the Court that the United States believes I have one or possibly two prior drug trafficking convictions. As a part of this plea agreement, the United States has agreed not to file such a notice, which means that my minimum sentence on Count One is ten years, and not twenty years or even life.

*Defendant's Initials:* ___KW___          3

I understand that the government will object to any motion for downward departure I might make. I understand the Court is not bound by this recommendation and may sentence up to the maximum provided by law.

Although the United States, by its policy and by this agreement, is committed to advocating for a sentence within the Guideline range the Court finds applicable to me at the time of sentencing, I recognize that the Court is not obligated to impose a sentence in that range, but may go higher or lower as it deems appropriate. I expressly reserve my right to contest any factor relevant to the Guideline computation, at the time of sentencing, and to ask for and advocate for a sentence shorter than the Guidelines might otherwise suggest.

As mentioned elsewhere in this agreement, however, I understand that the Court is not bound by or otherwise obligated to agree with or follow these recommendations.

## 7. PROFFER EVIDENCE

I understand that information given during a proffer or during cooperation will not be used against me to enhance my sentence pursuant to Sentencing Guideline Section 1B1.8, but may be referred to by the presentence report preparer as an indication of my acceptance of responsibility and may be referred to as my version of the events leading to these charges.

I further understand that if I supply untruthful information during any proffer, or at any other time, I may be prosecuted for perjury, for giving a false statement, or for obstruction of justice.

I understand that my attorney may be present at any debriefing or contact with any agent or attorney of the United States. However, by the signatures below, my attorney and I expressly waive the presence of counsel at such meetings and that government agents and attorneys may contact me without the prior approval of my attorney. At any time during such meetings with government agents and attorneys I may request the presence of my attorney and the meeting will be suspended until my attorney arrives.

*Defendant's Initials:* _____   5

## 8. DUTY TO PROVIDE FINANCIAL STATEMENT

I understand that in this case there is a possibility that substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation in that matter and in order to assist the United States in any necessary collection of those sums, I agree to fully and truthfully submit a complete financial statement revealing all of my assets and liabilities to the United States on a form provided by the United States.

Within 30 days of the date of this Plea Agreement I agree to provide a complete financial statement to the United States Attorney's office detailing all income, expenditures, assets, liabilities, gifts and conveyances by myself, my spouse and my dependent children and any corporation, partnership or other business entity in which I hold or have held an interest, for the period starting on January 1st of the year prior to the year I enter my guilty plea. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement, I agree not to convey any thing of value to any person without the authorization of the United States Attorney's Office. I understand that a deliberate false statement as to these matters would be a felony under federal law, in violation of Title 18, United States Code, Section 1001 and Section 401, and could constitute a breach of the agreement by me and could render this Agreement null and void, regardless of any cooperation or assistance that I may have previously provided. Any dispute as to the truthfulness of my disclosure of assets may be subjected to a polygraph examination conducted by a qualified law enforcement examiner, selected by the United States. I understand that failure of such polygraph examination, without adequate explanation, could render this agreement null and void.

## 9. WAIVER OF RIGHT TO APPEAL SENTENCE AND WAIVER OF RIGHT TO JURY DETERMINATION OF SENTENCING GUIDELINES ISSUES

I understand that I will have a copy of my presentence report well in advance of my sentencing hearing and that I will have an opportunity to go over it with my attorney and may file any objection to all or parts of it that I feel are not correct. I understand that I will have an opportunity at the sentencing hearing to bring witnesses, to cross-examine the government's witnesses, and to argue to the Court what a reasonable sentence would be. I agree that after my full and fair sentencing

*Defendant's Initials:* _KW_   6

hearing, **I will not then appeal my sentence**. I am knowingly and voluntarily waiving any right to appeal sentencing guidelines factors, or other factors leading the Court to impose my sentence. and am voluntarily willing to rely on the Court in sentencing me with reference to the advisory Sentencing Guidelines. I understand that the United States expressly reserves its right to appeal any sentencing issues to the extent appeals may be authorized under the Booker case.

I am also waiving any right I may have for a jury determination of any and all facts relevant to the application of any Sentencing Guidelines provisions, or otherwise relevant to my sentencing, and consent to a determination of any and all facts and a determination of the application of any and all Sentencing Guidelines factors by the United States District Judge. I agree that the District Judge should make any sentencing determinations, including Sentencing Guidelines findings, using the preponderance of the evidence standard. I understand that by signing this plea agreement I waive any right to a jury determination of sentencing factors that may exist under Blakely v. Washington, 2004 WL 1402697 (June 24, 2004), Apprendi v. New Jersey, 530 U.S. 466 (2000), and any cases interpreting these two Supreme Court decisions.

## 10. WAIVER OF RIGHT TO COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

I further agree to waive my right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon me by the Court. This means that I will not file a petition with the Court at some later date complaining about the fact of my conviction or the sentence imposed on me.

## 11. INFORMATION ACCESS WAIVER

I knowingly and voluntarily agree to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

*Defendant's Initials:* _____   7

## 12. FORFEITURE, OFFICIAL USE, OR DESTRUCTION OF CONTRABAND

I consent to the administrative forfeiture, official use and/or destruction of any illegal firearms or illegal contraband seized by any law enforcement agency from my possession of from my direct or indirect control. I will execute any documents necessary to comply with this provision of this agreement.

## 13. WAIVER OF STATUTE OF LIMITATIONS

If, for any reason, this Plea Agreement is withdrawn or otherwise not consummated by the entry of the convictions and sentences provided for under this Plea Agreement or if this Agreement is set aside by any court, I hereby waive my right to raise the defense of the statute of limitations as to any charges reinstated before the Court which were brought in the original Indictment against me but dismissed as a result of this Plea Agreement.

## 14. DENIAL OF FEDERAL BENEFITS

At the discretion of the court, I understand that I may also be denied any or all federal benefits, as that term is defined in 21 U.S.C. § 862, (a) for up to five years if this is my first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is my second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is my third or more conviction of a federal or state offense consisting of the distribution of controlled substances, I understand that I could be permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

## 15. SUBSTANTIAL ASSISTANCE

I understand that "substantial assistance" under Section 5K1.1 of the United States Sentencing Commission Guidelines Manual, is interpreted by the United States Attorney's Office to mean that someone is completely truthful and fully cooperative in the investigation and/or prosecution of another individual. I understand that I will be given an opportunity to make every effort to provide such assistance. I understand that at the time of the signing of this plea agreement, no one has promised me that such a "substantial assistance" motion will be made on my behalf. I understand that the determination as to whether or not my efforts

*Defendant's Initials:* ____  8

constitute "substantial assistance" will be solely within the discretion of the United States Attorney's Office. I understand that the evaluation of whether I have rendered "substantial assistance" will be made taking into consideration the following factors:

1. the significance of my assistance;
2. the truthfulness, completeness and reliability of information and assistance that I offer;
3. whether any information that I offer can be corroborated by other persons or other admissible evidence;
4. the timeliness of my information and assistance;
5. any risks that I or my family may incur because of this course of cooperation; and,
6. other factors which may be unique to my case.

I understand that the decision as to whether or not "substantial assistance" has been performed will depend on my own efforts. ~~I understand that if the United States Attorney's Office does not make the motion, then the Court may not sentence below the Guidelines.~~  I understand and agree that this plea agreement is not contingent in any way on the United States making a substantial assistance motion.

I understand and agree that I must provide complete and truthful information to attorneys and law enforcement officers of the government. I understand and agree that I must neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. I understand that the decision as to whether or not "substantial assistance" has been performed will depend on my own efforts. I understand that truthful information alone from which no prosecutable case can be formed may not rise to the level of "substantial assistance".

I understand that I must attend all meetings, grand jury sessions, trials, or other proceedings as requested, that I must respond truthfully and completely to all questions or inquiries, and must produce documents, records, or other tangible evidence as requested. I understand and stipulate that I will not undertake any contact with any person identified by government agents as a suspect or target, or with persons I have reason to believe have committed criminal acts, unless I am specifically directed to do so by a federal law enforcement agent participating in the investigation of this case.

I understand that if I commit new crimes, use drugs, warn or aid targets, fail to be completely candid with agents of the government, or otherwise obstruct or impede an ongoing investigation in any way, then no substantial assistance motion

*Defendant's Initials:* _____    9

will be made, regardless of any cooperation that was rendered.

I understand that if I successfully complete my efforts to offer full, voluntary, and truthful testimony, and that if I abide by any reasonable requests of the case agents or the United States Attorney's Office, and my efforts result in the prosecution of another person or persons, then a motion will be made at my sentencing, or at such time as my efforts have been completed, requesting that the Court depart from the Sentencing Guidelines, and sentence at a lesser level than would otherwise be found to be the applicable guidelines sentence. I understand that such a motion will not be dependant upon the United States obtaining a conviction, as long as I have provided complete and truthful information and testimony.

I understand that if there is a dispute as to the truth of a material fact, then my agreement includes having the issue subjected to polygraph examination conducted by a qualified law enforcement examiner, selected by the United States. I understand that failure of such polygraph examination, without adequate explanation, would terminate my opportunity to provide substantial assistance.

I understand that once the motion for a departure is made by the United States the sentence will be entirely up to the Court in its discretion. I also understand that the United States may recommend to the Court that I receive a substantial sentence, although one less than would otherwise apply under the Guidelines.

### 16. FORFEITURE

I understand that I will be required to disclose the existence of, and location of, any assets purchased with the proceeds of my illegal activity, directly or indirectly. I agree to cooperate with law enforcement and government attorneys in the forfeiture of such assets and in the conveying of title to such assets to the United States, where I have the power to do so. I agree to assist in the forfeiture of any such assets, and conveyance of assets, which are titled to, or in the possession of, any of my family members. I understand any financial cooperation and sacrifice made by me through this course will be made known to the Court by the government at my sentencing.

I also agree to waive my constitutional rights under the Double Jeopardy clause as to any subsequent forfeiture proceedings, civil, criminal and/or administrative, arising out of the same offenses charged in the Indictment in this case.

*Defendant's Initials:* _____    10

## 17. COMPLETION OF PROSECUTION

I understand that except as provided for in this plea agreement, there will be no further prosecution of me in the Western District of Virginia for any matters about which the United States has specific knowledge gained from the investigation that gave rise to the charges contained in this Indictment.

## 18. LIMITATION OF AGREEMENT

This agreement is limited to the Western Judicial District of Virginia and does not bind other federal judicial districts, nor does it bind any state or local authorities.

## 19. REMEDIES FOR BREACH OF PLEA AGREEMENT

I understand that if I breach any provision of this agreement, at any time, including any attempt to withdraw my guilty plea, the United States Attorney's office may, at its election, pursue any or all of the following remedies: (a) declare this plea agreement void and proceed to trial; (b) refuse to recommend that I be credited with acceptance of responsibility; (c) seek an upward departure from the guidelines range, or seek imposition of a sentence at the high end of the guidelines range; (d) terminate my opportunity to perform substantial assistance, if such opportunity has been provided, or refuse to make a substantial assistance motion, regardless of whether substantial assistance has been performed or not; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any other sentencing or other stipulations contained in this plea agreement; (g) use this plea agreement, any statement I have made during any guilty plea hearing (including my admission of guilt), any proffer session, or during my attempt to provide substantial assistance, against me in this or any other proceeding; and (h) take any other action provided for under this agreement or by statute, regulation or court rule. I knowingly waive any right I may have under the Constitution, any statute, rule or other source of law to have any statement, or evidence derived from such statement, suppressed or excluded from going into evidence. The remedies set forth above are cumulative, and not mutually exclusive.

## 20. EFFECTIVE REPRESENTATION

I have discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with my attorney and am satisfied with my

*Defendant's Initials:* _____    11

attorney and ~~his~~ her advice. I understand that I have the right to make known to the Court, at any time, any dissatisfaction I may have with my attorney's representation. I agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint I may have with my attorney's representation. I hereby waive any claim I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing.

## 21. GENERAL UNDERSTANDINGS

**I understand that the Court is not bound by any recommendations or stipulations contained in this Agreement, and may sentence me up to the maximum provided by law.**

I understand that if the sentence is more severe than I expected, I will have no right to withdraw my guilty plea.

I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. I understand that any calculation regarding the guidelines by the United States Attorney's Office or by my attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case.

I understand that the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and will in all likelihood recommend that I receive a substantial sentence.

I understand that the United States retains the right, notwithstanding any provision in this plea agreement, to inform the probation office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

I understand that the United States will object to any downward departure from the sentencing guidelines, absent the filing of a motion permitting downward departure under Sentencing Guideline Section 5K1.1, Title 18, United States Code, Section 3553(e) and/or Federal Rules of Criminal Procedure 35(b).

I willingly stipulate that there is a sufficient factual basis to support each and every material factual allegation contained within the charging document to which

*Defendant's Initials:* _K.L._  12

I am pleading guilty.

I understand that this agreement does not apply to any crimes that I may commit hereafter, including perjury. I understand that if I should testify falsely in this or in a related proceeding that I may be prosecuted for perjury and that statements that I may have given authorities pursuant to this agreement may be used against me in such a proceeding.

I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. I understand that my attorney will be free to argue any mitigating factors in my behalf and will be free to propose any alternatives to incarceration available under the sentencing guidelines. I understand that I will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete Plea Agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This Plea Agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and me.

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the pending indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on this date and by my signature below.

Date: 9/27/06

**KAMAL WILLIAMS**
**Defendant**

I represent **KAMAL WILLIAMS**. I have fully explained to my client all rights available to my client with respect to the offenses charged in the pending indictment.

*Defendant's Initials:* _____   13

Further, I have reviewed the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one and it is a decision with which I agree.

Date: 9/27/06

Helen Phillips, Esquire
Counsel for KAMAL WILLIAMS

Acknowledged:

Date: September 26, 2006

Ray B. Fitzgerald, Jr.
Assistant U.S. Attorney
Virginia Bar No. 23577

*Defendant's Initials:* _____    14