CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 13 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:06-CR-14 |
| | ) | |
| v. | ) | |
| | ) | |
| KAMAL NIGEL WILLIAMS, | ) | By: Hon. Michael F. Urbanski |
| Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Kamal Nigel Williams, represented by counsel, filed motions to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF Nos. 235, 245. He asks the court to reduce his current sentence of 322 months to 160 months, which would result in a sentence of time served. The government asserts that Williams is ineligible for consideration of a reduction in his sentence, and in the alternative, that if he is eligible for consideration, a further reduction of his sentence is not warranted. For the reasons set forth below, the court will **GRANT** Williams's request in part and **MODIFY** his sentence to a total of 216 months, to be followed by a 4-year term of supervised release.

## BACKGROUND

On October 4, 2006, Williams entered into a plea agreement in which he pleaded guilty to one count of conspiring to distribute 50 grams or more of cocaine base and 500 grams or more of powder cocaine in violation of 21 U.S.C. § 846, and one count of possession of a firearm in furtherance of a drug trafficking violation. ECF Nos. 3, 95. In exchange, the government agreed to dismiss the remaining counts. ECF No. 95. On the same day, Williams pleaded guilty in accordance with the plea agreement. ECF Nos. 94-96.

On the drug charge, Williams faced a statutory sentencing range of 10 years to life. 21 U.S.C. § 841(b)(1)(A) (2002); ECF No. 236. On the possession-of-a-firearm charge, he faced a statutory sentencing range of 5 years to life, to be imposed consecutively to the first sentence. 18 U.S.C. § 924(c)(1)(A)(i) (2003). According to the Presentence Investigation Report ("PSR"), Williams was responsible for 889 grams of cocaine base. ECF No. 236. Under the sentencing guidelines, that drug quantity resulted in a base offense level of 36. He received a 3-point decrease for acceptance of responsibility for a subtotal offense level of 33. ECF No. 236 at 8.

The PSR also states, mistakenly, as discussed below, that Williams's offense of conviction was a violation of 18 U.S.C. § 922(g) and that he had three previous convictions for a violent felony or a serious drug offense, or both. Therefore, according to the PSR, he was subject to an enhanced sentence under 18 U.S.C. § 924(e) and was considered an Armed Career Criminal. U.S.S.G. § 4B1.4(a). ECF 236 at 8. The prior felony convictions that qualified him as an armed career criminal were possession with intent to distribute cocaine, distribution of cocaine base, and possession with intent to distribute marijuana. ECF No. 236 at 8. His offense level as an armed career criminal was 37, decreased by 3 points for acceptance of responsibility to 34. U.S.S.G. § 4B1.4(b)(2); ECF No. 236 at 8. With his total offense level of 34 and his criminal history of VI, his guideline range was 262 to 327 months. U.S.S.G. Ch. 5, Part A; ECF No. 236 at 19.

On December 19, 2006, Williams was sentenced to 262 months on the drug count and a mandatory consecutive 60-month term on the firearm count, for a total of 322 months. In

2

addition, he was assessed a 5-year term of supervised release. ECF No. 116. He has served approximately 146 months and his projected release date is October 22, 2030. ECF No. 237.

Williams seeks relief under the First Step Act. He argues that he is eligible for relief and that this court has discretion to reduce his sentence to 160 months, which will result in his immediate release. The government counters argues that because the offense involved a drug quantity over the revised threshold, Williams is not eligible for relief under the First Step Act. Next, the government concedes that it was error to classify Williams as an armed career criminal, but asserts that the error cannot be addressed in a motion for relief under the First Step Act and that in any event, the correct guideline was applied to Williams. Finally, the government urges that if the court finds that Williams is entitled to a reduced sentence, any sentence below the career offender guideline range of 188 to 235 months on the drug charge and a 4-year period of supervised release is not warranted.

## ANALYSIS

### I. Mistake in PSR

Turning first to the mistake in the PSR, the parties agree that the probation officer incorrectly stated in the PSR that Williams qualified as an Armed Career Criminal subject to an enhanced sentence under 18 U.S.C. § 924(e). ECF No. 236 at 8. Under the guidelines, an "Armed Career Criminal" is a defendant who is subject to an enhanced sentence under 18 U.S.C. § 924(e) and that statute applies to a person who violated 18 U.S.C. § 922(g) and has three previous convictions for a violent felony, serious drug offense, or both. Williams was

not convicted of violating § 922(g) so he could not have been designated an Armed Career Criminal.

The government argues that the First Step Act does not authorize courts to address errors in PSRs, does not open the door to habeas claims, and does not give authorization for the court to reconsider the guidelines calculations. In United States v. Hegwood, 934 F.3d 414 (5th Cir. 2019), the Fifth Circuit Court of Appeals held that when a court determines that a defendant was convicted of an offense covered by the First Step Act and thus is eligible for consideration of a sentence modification under the First Step Act, the court should consider only the changes mandated by the Fair Sentencing Act and not other changes that have been made since the defendant was convicted. Id. at 418. In Hegwood, if new caselaw had been applied to the defendant's previous conviction, he no longer would have been considered a career offender. Id. at 416. See also United States v. Drake, No. 1:07-CR-53-1, 2019 WL 5213923 at *5 (N.D. W.Va. October 16, 2019) ("Section 404 [of the first Step Act], by its own terms, does not authorize courts to reduce sentences based on subsequent changes of law other than the retroactive application of sections 2 and 3 of the Fair Sentencing Act.")

However, courts have distinguished between situations where a defendant seeking a modification of his sentence based on the First Step Act also seeks modification based on a change in caselaw, such as in Hegwood, and situations where a mistake was made in the original sentence. In United States v. Black, 388 F.Supp.3d 682 (E.D. Va., June 7, 2019), a defendant sought relief under the First Step Act and the parties agreed that the defendant was wrongfully labeled a career offender when he was sentenced originally. Black, 388 F.Supp.3d

at 688-689. The defendant had objected to the classification prior to sentencing and the court had overruled the objection. Id. The United States argued that 18 U.S.C. § 3582 proceedings were limited in scope and that the court had no occasion to address the issue of whether the defendant had been erroneously categorized as a career offender in his original sentencing, where he had the opportunity on appeal and via two 28 U.S.C. § 2255 motions to address the issue. Id. at 689. The defendant countered that the First Step Act directed the court to conduct a "complete review on the merits" and that doing so would allow the court to consider its prior sentencing error by recalculating the guidelines. Id. (citing the First Step Act, § 404; Pub. L. No. 115-391, 132 Stat. 5194, 5222).

The court concluded that it could not "ignore an error of this magnitude," particularly where the defendant had objected to the career offender enhancement before sentencing and appealed a related challenge to his career offender status. Id. "Allowing the procedural posture of this case to overrun an individual's liberty undermines the integrity of the Court system and the value society places on judges to get things right." Id. The court further found that the Sentencing Guidelines and the First Step Act do not require a court to continue applying an erroneous guidelines range based on a miscalculated criminal history, especially when a defendant objected to the sentencing enhancement before the initial sentencing. Id. at 690.

In the instant case, at the sentencing hearing Williams's counsel stated that she had reviewed the PSR and did not object to it. When the court made its findings, it did not make an explicit finding that Williams was an Armed Career Criminal under the statute, but recited that his total offense level was 34, he had a criminal history category of VI, and his guidelines

range was 262 to 327 months, plus a consecutive 60-month term on the firearm charge. ECF No. 220 at pp. 5-6. The finding that he had a total offense level of 34 was consistent with the PSR designation of him as an Armed Career Criminal, but also was consistent with a finding that he was a career offender under the guidelines. In the judgment, there was no finding that Williams violated § 922(g), although in the statement of reasons, the court adopted the PSR without change, presumably with its mistaken assertion that Williams had violated § 922(g). ECF No. 117 at 1.

This case differs from Black in that no objection was made to the PSR and Williams did not file a direct appeal or seek collateral review. Nevertheless, the parties agree that it was a mistake to find that his conviction was a violation of § 922 (g) and designate him as an Armed Career Criminal for purposes of U.S.S.G. § 4B1.4(a), and the same considerations at issue in Black apply here. It serves no purpose to perpetuate a mistake in the name of consistency. Indeed, doing so would only mean that the court was consistently wrong. Williams did not violate § 922(g) and for a court to make a second finding that he did would not only be incorrect, but unjust. Therefore, the court will not consider Williams to be an Armed Career Criminal for purposes of examining his previous sentence under the First Step Act.

## II. First Step Act

At the time Williams was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006).

6

In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

The government argues that even though Williams committed his offense before August 3, 2010, and even though his offenses carry the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act, that he does not qualify for a sentence reduction. The government argues that it is the drug weight for which a defendant is held responsible and not the drug weight for which he was convicted that determines eligibility for First Step Act relief and that Williams's drug quantity in the PSR makes him ineligible. In the alternative, the government contends that even if Williams is eligible for a modification of his

sentence, the court should exercise its discretion and decline to reduce the sentence because the applicable guideline range did not change and the guideline range is reasonable in light of Williams's criminal history and the circumstances of the offense.

### A. Drug Weight

The government asserts that whether a defendant is entitled to relief under the First Step Act depends on the amount of cocaine base for which he was found responsible in the PSR, rather than the amount for which he was indicted and convicted. Because Williams was found responsible for 889 grams of cocaine base in the PSR, which would make him subject to the 21 U.S.C. § 841(a)(1)(A) penalties, the government argues that he is not entitled to relief under the First Step Act.

Williams responds that it is the drug weight charged in the indictment and not the drug weight in the PSR that determines eligibility for First Step Act relief. In Apprendi v. New Jersey, 530 U.S. 466 (2000) and Alleyne v. United States, 570 U.S. 99 (2013), the Supreme Court established that the drug weight is an element of the offense and any fact that increases a mandatory minimum penalty is an element that must be charged in an indictment and proved to a jury beyond a reasonable doubt. Under those two cases, if Williams were sentenced today, his sentence would be based on distributing 50 grams or more of cocaine base, and not 889 grams of cocaine base.

In Apprendi, the Supreme Court held that the Sixth Amendment to the Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved

8

beyond a reasonable doubt. In Alleyne, the Court applied Apprendi to the federal mandatory minimum and maximum sentencing scheme and held that because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an element of the crime that must be submitted to the jury. Id. at 116 (overruling Harris v. United States, 536 U.S. 545 (2002)).

Although neither Apprendi nor Alleyne are retroactively applicable on collateral review,[1] many courts, including this one, have held that the decisions must be considered when a court examines a sentence under the First Step Act. See United States v. Opher, Crim. No. 00-323-09, 2019 WL 3297201 at 814 (D.N.J. July 23, 2019) (noting that courts have consistently rejected the notion that Congress legislates without regard to constitutional norms); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840 at *6 (E.D.N.Y. Apr. 22, 2019) (citing Alleyne and finding that statutory penalties are determined by facts submitted to a grand jury, trial jury, or established by a guilty plea while findings by a judge may be used to determine a sentence within the statutory penalties and cannot change "the mandatory minimum sentence now applicable"); United States v. Dodd, No. 3:03-CR-18-3, 2019 WL 1529516 (S.D. Iowa, Apr. 9, 2019) (finding in a First Step Act case that "[b]oth Apprendi and Alleyne are binding on this Court for sentencings held today."); United States v. Davis, No. 07-CR-245(S)(1), 2019 WL 1054554 (W.D.N.Y. Mar. 6, 2019), appeal docketed, No. 19-874 (2nd Cir. Apr. 5, 2019) ("[I]t is the statute of conviction, not actual conduct, that controls

---

[1] See United States v. Sanders, 247 F.3d 139, 146 (4th Cir. 2001) (joining other circuits in finding that Apprendi does not apply retroactively to cases on collateral review); and United States v. Stewart, 540 Fed.Appx. 171 (4th Cir. 2013) (per curiam) (noting that Alleyne has not been made retroactively applicable to cases on collateral review).

9

eligibility under the First Step Act."); United States v. Stanback, 377 F.Supp.3d 618, 623 (W.D. Va. May 2, 2019) (joining other courts in finding that Apprendi and Alleyne are applicable in the context of the First Step Act); see also United States v. Laguerre, No. 5:02-CR-30098-3, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (relying without discussion on charged drug weight rather than PSR weight to find defendant eligible for relief).

Alleyne made clear that in order to preserve a defendant's Sixth Amendment right to a jury trial, any fact that increases the statutory mandatory minimum sentence is an element of the crime which must be submitted to the jury or pleaded to by the defendant. Alleyne, 570 U.S. at 116. The court in Williams's case found him guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, which is the amount to which he pleaded guilty. ECF No. 116. Under Alleyne, this court is not free to ignore that finding and impose a penalty based on 889 grams of cocaine base referenced in the PSR. Thus, this court finds that the appropriate drug quantity to be considered under the First Step Act is 50 grams of cocaine base.

**B. Discretion of the Court**

The government argues that if the court finds Williams eligible for consideration under the First Step Act, it should exercise its discretion to deny him relief in light of the drug weight. It claims that if Williams had been prosecuted after passage of the Fair Sentencing Act, he would have been subject to prosecution for possession of at least 280 grams of cocaine base, making him eligible for the 10-years-to-life sentencing range found in 21 U.S.C. § 841(b)(1)(A).

Nearly all other district courts, including this one, have rejected the notion that a court should engage in "a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered." Dodd, 2019 WL 1529516 at *2. See also United States v. Thompson, No. 1:05-CR-4040403, 2019 WL 4040403 at *7 (W.D. Pa. August 27, 2019) ("Engaging in a hypothetical assessment of how a defendant might have been charged and how a finding of guilt would have come about is fraught with conjecture and reflects an approach that is contrary to the sound administration of justice."); United States v. Paulino, No. 03-CR-0274, 2019 WL 2437214 at *5 (D.N.M. June 11, 2019) (finding court should not speculate about what the prosecutor could have charged or the offense to which a defendant could have pleaded if the Fair Sentencing Act had been in place when he committed the offense); Stanback, 377 F.Supp.3d at 624 (declining to speculate on how defendant would have been charged and whether he would have been convicted if the Fair Sentencing Act had been in effect at time he was convicted); United States v. Pierre, 372 F.Supp.3d 17 (D.R.I. Apr. 5, 2019) (holding that in determining eligibility under the First Step Act, court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 and should not delve into the particulars of the record to determine how the defendant committed the offense of conviction or how the facts would have hypothetically affected the charges brought under the new statutory scheme); but see United States v. Haynes, No. 8:08-CR-441, 2019 WL 1430125 (D. Neb., Mar. 29, 2019) appeal docketed, No. 19-1701 (8th Cir. Apr. 4, 2019) (denying relief under the First Step Act after finding that if the statute had been in effect at

11

the time defendant was indicted, he would have been charged with amount of drugs for which the PSR said he was responsible).

While it is possible that the government would have proceeded against Williams under 18 U.S.C. § 841(b)(1)(A), it also is possible that it would have chosen not to do so. The government could have determined that the evidence was insufficient to prove the quantity of cocaine base beyond a reasonable doubt, or if Williams were indicted on that amount, the parties might have entered into a plea agreement where Williams pleaded to less than 280 grams of cocaine base. The retroactive assumption suggested by the government simply is too speculative a basis on which to determine Williams's eligibility for a sentence reduction. Thus, this court declines to assume that Williams would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

The government further argues that a reduction in Williams's sentence would constitute an unjustified windfall to him based upon the date of his prosecution and offends the need to avoid unwarranted sentence disparities among similarly situated offenders. This argument is based on the fact that in cases brought after the passage of the Fair Sentencing Act but prior to <u>Alleyne</u>, juries were asked to make quantity determinations based on that act's new thresholds for purposes of establishing applicable statutory maximums, and courts could and did impose higher statutory minimums based on their own conclusions regarding drug quantity.

The government appears to be arguing that this court should ignore both the plain language of the First Step Act regarding who is eligible for a sentence reduction as well as the holding in Alleyne, because other defendants sentenced within that three-year window may have been subject to longer statutory minimum sentences. While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent. As discussed above, this court finds that the First Step Act applies to Williams and finds that it is compelled by Alleyne to look only at the quantity of drugs for which Williams was indicted and found guilty when determining whether he is entitled to a sentence reduction. Accordingly, this court will not refrain from modifying Williams's sentence under the First Step Act because other defendants may have been sentenced differently.

### C. Applying the First Step Act to Williams

### (1) Career Offender Designation

The government argues that even though the PSR incorrectly classified Williams as an Armed Career Criminal, his base offense level was properly calculated to be a 37 because his offenses also support a finding that he is a career offender under the guidelines that were applicable to him at the time. This is because when he was sentenced, his conviction for 50 grams of cocaine base carried a maximum penalty of life under 21 U.S.C. § 841(b)(1)(A), and the PSR identified three prior felony controlled substance offenses as defined by U.S.S.G. §4B1.2 As a career offender facing a life sentence, U.S.S.G. § 4B1.1 would have established a

base offense level of 37, reduced by 3 points of acceptance of responsibility. With a criminal history of VI, his guidelines range would have been 262-327 months. U.S.S.G. Ch. 5 Pt. A.

Williams concedes that he could have been designated a career offender because the PSR identified three prior controlled substance offenses, but nevertheless argues that the court should disregard the career offender calculations because the PSR did not explicitly designate him a career offender. While it is true that the PSR did not make an explicit finding that Williams was a career offender under the guidelines, the guidelines calculation includes an implicit finding that he was a career offender.

As part of the mistaken Armed Career Criminal finding, the PSR cited U.S.S.G. § 4B1.4(b) (2006), which provides in relevant part that the offense level for an armed career criminal "is the greatest of (1) the offense level applicable from Chapters Two and Three or (2) the offense level from §4B1.1 (Career Offender) if applicable." The PSR then found the offense level to be 37, which resulted from applying the career offender guideline to Williams's § 841(b)(1)(A) conviction. ECF No. 236. The PSR could not have arrived at that base offense level absent a finding that Williams was a career offender. Therefore, even though the PSR did not explicitly find that Williams was a career offender, the court concludes that it made the finding implicitly and will not disregard the career offender calculation in the PSR.

Williams also argues that the law has changed since he was convicted and that if he were sentenced today, his prior convictions would no longer serve to make him a career offender. The guidelines classify a career offender as (1) a defendant who was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of

conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). The term "controlled substance offense" is defined as follows:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Williams's instant offense of conviction is conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846. The Commentary to U.S.S.G. §4B1.2 at n. 1 states that for purposes of the guideline, "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." Thus, under the commentary, Williams's offense of conspiracy to possess with the intent to distribute was rightfully considered a controlled substance offense.

Williams cites to three recent cases which he argues reject the inclusion of "conspiracy" in the definition of "controlled substance offense:" United States v. Winstead, 890 F.3d 1082 (D.C. Cir. 2018); United States v. Havis, 927 F.3d 382 (6th Cir. 2019) (en banc); and United States v. Norman, 935 F.3d 232 (4th Cir. Aug. 15, 2019). In Norman, the defendant was convicted of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). When calculating the defendant's base offense level, the PSR included a six-level enhancement under U.S.S.G. § 2K2.1(a)(4)(A) on the basis of a prior

conviction for conspiracy to possess with intent to distribute cocaine and cocaine base under 21 U.S.C. § 846. Id. at 235. On appeal, the defendant challenged the guidelines enhancement and the Fourth Circuit applied the categorical approach to determine whether the defendant's previous conspiracy conviction qualified as a predicate offense for purposes of establishing that he had a prior "controlled substance offense." Norman, 935 F.3d at 237.

The court first found that an overt act was a required element of generic conspiracy. Id. (citing United States v. McCollum, 885 F.3d 300, 338 (4th Cir. 2018)). The court then noted that it is undisputed that "conspiracy" under § 846 does not require an overt act. Id. at 237-238. Therefore, the court concluded that conspiracy under § 846 criminalizes a broader range of conduct than that covered by generic conspiracy and cannot serve as a predicate offense. "We therefore hold that a 'conspiracy' conviction under § 846 is a categorical mismatch to the generic crime of conspiracy enumerated in § 4B1.2(b)." Id. at 239. Nevertheless, the court concluded that the district court's error was not plain error, because prior to McCollum, it was not clear that "conspiracy" under § 846 criminalized so broad a range of conduct as to not be covered by generic conspiracy. Norman, 935 F.3d at 241-242.

Even though it appears that if Williams were sentenced today he would not be found to be a career offender under Norman, at the time he was sentenced his classification as a career offender was consistent with the law. As discussed by the courts in Hegwood and Drake, a motion for a sentence reduction under the First Step Act "is not the proper vehicle to challenge a previously-applied and subsequently-invalidated career offender enhancement." Drake, 2019 WL 5213923 at *4. See also United States v. Anderson, Cr. No. 0:04-353, 2019

16

WL 44400888, *4 n. 3 (D.S.C. Sept. 17, 2019) ("[T]he court has determined that a plenary resentencing is not required by the First Step Act."); and Davis, 2019 WL 1054554 at *2 (finding First Step Act does not expressly permit plenary resentencing). Therefore, although the court finds that Williams is eligible for a sentence reduction under the First Step Act, it will not modify his status as a career offender, but will look at the facts set out in 18 U.S.C. § 3553(a) and his post-sentencing conduct.

**(2) Modification**

Under the First Step Act, Williams's statutory sentencing range based on 50 grams of cocaine base is 5 to 40 years, to be followed by a 4-year term of supervised release. 21 U.S.C. § 841(b)(1)(B). As a career offender, his base offense level becomes 34, reduced by 3 levels to 31 for acceptance of responsibility. U.S.S.G. § 4B1.1(b). With his criminal history category of VI, his guidelines range is 188-235 months. The government suggests that if this court finds Williams eligible for consideration of a sentence modification, that the 188-235 month range on the drug charge should be the starting point, to be followed by the mandatory 60-month sentence on the firearm charge. The court agrees that this sentencing range is the correct starting point.

The court finds that it has authority under 18 U.S.C. § 3582(c)(1)(B)[2] to modify Williams's sentence, taking into account the advisory nature of the guidelines, the considerations set forth in 18 U.S.C. § 3553(a), and Williams's post-conviction activities.

---

[2] "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ." 18 U.S.C. § 3582(c)(1)(B).

17

According to the PSR, Williams was first arrested for possession with intent to distribute cocaine when he was 16 and his last arrest occurred when he was 32. By the time he was 15, he was drinking alcohol to the point of intoxication on a regular basis. He first began to use marijuana at the age of 12 and soon became a regular user. He began to use powder cocaine at the age of 15 and continued to use it three to four days per week. At the age of 23 he started using PCP and used it daily for five years. He completed the eleventh grade with below average grades. ECF No. 236.

Since his incarceration, Williams has earned his GED and taken a number of other courses. He currently works in the laundry shop where he has earned above-average work evaluations and has gained employable work experience. ECF No. 235-1. He has received five disciplinary incident reports since being incarcerated with the last one being in 2013 and his current security classification is "low." Williams is 46 years old. ECF No. 235-1.

Williams argues that while the court cannot modify the sentence he received for the §924(c) conviction, the court can consider the 60-month consecutive sentence as a reason to vary downward on the sentence for the drug offense. See Dean v. United States, 137 S.Ct. 1170 (2017) (finding that a sentencing court may consider a mandatory minimum sentence under § 924(c) when calculating an appropriate sentence for the predicate offense). Williams points out that the PSR contains no indication that he committed any acts of violence or that he ever used a firearm. The PSR notes that Williams placed two firearms in an outbuilding of a house and that the weapons had previously been reported as stolen. ECF No. 236 at 5.

Williams also stated that he had stolen firearms from rival drug dealers and later sold them back to the drug dealers. ECF No. 236 at 7.

The court has reviewed Williams's PSR, the addendum to the PSR, the evidence submitted by him, and the arguments of the parties. Under the current sentencing guidelines and the 18 U.S.C. § 3553 factors, a sentence below the guidelines range is warranted, but a release to time served would not account for the seriousness of Williams's offense and his long history of drug dealing. Accordingly, the court modifies Williams's sentence on the drug offense to 156 months of incarceration, to be followed by the mandatory 60-month sentence on the firearm charge, for a total of 216 months. His term of supervised release is reduced to 4 years. 21 U.S.C. § 841(b)(1)(B).

The court finds that a sentence of 216 months is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law. Further, this sentence expressly takes into account First Step Act sentences for other defendants in this drug conspiracy case in an effort to avoid unwarranted sentence disparities. Accordingly, the court **GRANTS** Williams's motion under the First Step Act, ECF Nos. 235, 245, and reduces his sentence to 216 months, to be followed by a 4-year term of supervised release.

An appropriate Order and amended judgment will be entered.

It is so **ORDERED**.

Entered: 11-13-19

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge